UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDROS STEVENSON                              CIVIL ACTION

VERSUS                                        NO: 11-2875

STATE FARM MUTUAL AUTOMOBILE                  SECTION: R(1)
INSURANCE COMPANY

<u>ORDER AND REASONS</u>

Before the Court is plaintiff Andros Stevenson's motion to remand.[1]  Because the amount in controversy at the time of removal exceeded $75,000, the Court DENIESS Stevenson's motion to remand.


**I.   BACKGROUND**

Plaintiff alleges that his Chevrolet Corvette was stolen on October 11, 2010.  At the time of the theft, Stevenson had an insurance policy with State Farm Mutual Automobile Insurance Company ("State Farm") that covered the vehicle.  On October 6, 2011, Stevenson filed a complaint in state court alleging that State Farm refused to compensate him fully for his losses. Plaintiff also alleges that State Farm acted in bad faith by refusing to pay plaintiff on a timely basis after it received satisfactory proof of loss.  Plaintiff's state court petition seeks damages in the amount of the value of the vehicle, damages

---

[1]    R. Doc. 21.

for past, present and future loss of use of the vehicle, damages for emotional distress, as well as statutory penalties and attorney's fees.

On November 18, 2011, State Farm removed this matter to federal court.[2]  Plaintiff now moves to remand this case.  He asserts that the Court does not have subject matter jurisdiction because the amount in controversy does not exceed $75,000.

## II.  STANDARD

### A. Removal

A defendant generally may remove a state court civil action to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).  The removing party bears the burden of showing that federal jurisdiction exists.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  To assess whether jurisdiction is appropriate, the Court considers the claims in the state court petition as they existed at the time of removal.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Any ambiguities are construed against removal because the removal statute should be strictly

---

[2]     R. Doc. 1.

construed in favor of remand. *Id.* Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

   *B. Amount in Controversy*

   Defendant asserts that the Court has jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists only when there is complete diversity of citizenship, and the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Because the parties agree that they are citizens of different states, the Court need consider only whether the amount in controversy requirement is met.

   Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount,

3

this figure will also generally control, barring removal.  *Allen*, 63 F.3d at 1335.  "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."  *Id.*

Here, however, plaintiff filed his complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages.  *See* La. Code Civ. Proc. art. 893 ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand.").  When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiffs' claims likely exceed the jurisdictional amount or by setting forth the facts in dispute that support a finding that the jurisdictional amount is satisfied.  *Allen*, 63 F.3d at 1335.

The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that

4

the actual amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). When the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Allen*, 63 F.3d at 1336. If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *De Aguilar*, 47 F.3d at 1412.

Post-removal affidavits may be considered only in limited situations. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (explaining that in determining whether remand is proper, the court can consider an affidavit "clarify[ing] a petition that previously left the jurisdictional question ambiguous.")). If, however, the amount in controversy is clear from the face of the complaint, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *Id.* (citing *St. Paul Mercury*

*Indem. Co.*, 303 U.S. at 292).

## III. DISCUSSION

*A. Remand*

It is not facially apparent from Stevenson's state court petition that his damages exceed $75,000.  Stevenson's petition is devoid of monetary figures and facts from which the Court could infer an amount in controversy.  Because plaintiff has alleged an indeterminate amount of damages, State Farm must submit evidence that proves, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  *See Allen*, 63 F.3d at 1335.  In making this determination, the Court may consider summary-judgment-type evidence, including facts in the removal petition or those set forth in an affidavit or stipulation.  *Id.* at 1336.

Defendant asserts that plaintiff valued his allegedly stolen vehicle at over $50,000, and that amount, combined with statutory penalties and attorney's fees, is sufficient to raise the amount in controversy above the jurisdictional minimum.  It is well-established that statutory penalties and attorney's fees are considered in determining the amount in controversy.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723-24 (5th Cir. 2002)(including a claim for attorney's fees under La.

6

R.S 22:658 in calculating the amount in controversy); *St. Paul Reinsurance Co. Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages- just not interest or costs."); *Ardoin v. Allstate Ins. Co.*, 2007 WL 97062, at *3 (E.D. La. Jan. 9, 2007) (calculating the penalties recoverable under LA. REV. STAT. §§ 22:1220 and 22:658 in determining whether the amount in controversy exceeded $75,000).  Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim.  *See* La. Rev. Stats. 22:1973, 22:1892.  Under Section 22:1892, the insurer is subject to a penalty, "in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater."  La. Rev. Stat. 22:1892.  Even using the lower value of the vehicle plaintiff asserts of $52,980, it is clear that the value of the vehicle, plus statutory penalties and attorney's fees results in an amount in controversy of over $75,000.  The Court finds, therefore, that defendants met their burden of showing the requisite amount in controversy by a preponderance of the

evidence.

Further, plaintiff's post-removal stipulation is
insufficient to deprive the Court of jurisdiction.  Plaintiff
attaches a stipulation averring that the amount in controversy is
less than $75,000 and that he will not accept an award in excess
of $75,000.  This stipulation, however, does not clarify the
amount in controversy at the time of removal.  Rather, the
stipulation is an avowal that at the present time the value of
his claim is less than the jurisdictional requirement.  *See*
*Gebbia*, 233 F.3d at 883 (noting that "post-removal affidavits,
stipulations, and amendments reducing the amount [in controversy]
do not deprive the district court of jurisdiction.").  Nor does
plaintiff's failure to seek a trial by jury in state court, which
requires the claim to be for at least $50,000, *see* La. Code Civ.
Proc. art. 1732(1), necessitate remand.  Although a plaintiff's
failure to request a trial by jury might be indicative of the
amount of damages he seeks, it is not necessarily the case.
Here, the defendant demonstrated by a preponderance of the
evidence that the amount in controversy at the time of removal
exceeded $75,000.  That plaintiff did not request a jury trial
does not, by itself, defeat removal.  *See Corkern v. Outback*
*Steakhouse of Florida, Inc.*, 2006 WL 285994, at *4 (E.D.La. Feb.
6, 2006) (noting that "plaintiff's omission of a jury trial

request cannot alone defeat removal when, as here, the affirmative allegations of the petition make clear that the amount in controversy exceeds $75,000.").  The Court therefore concludes that it has subject matter jurisdiction over this action.


**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.


New Orleans, Louisiana, this 1st day of May, 2012.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE